**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2258
_____

LESTER S. BARNEY,

Appellant

v.

ADMINISTRATOR OF NEW JERSEY STATE PRISONS;
ATTORNEY GENERAL OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:15-cv-00057)
District Judge: Honorable Noel L. Hillman
_____

Argued: May 24, 2022

Before: BIBAS, MATEY, and PHIPPS, *Circuit Judges*

(Filed: September 7, 2022)
_____

Lawrence D. Gerzog                    [ARGUED]
521 Fifth Avenue, 17th Floor
New York, NY 10175
      *Counsel for Appellant*

Jennifer B. Paszkiewicz [ARGUED]
Burlington County Office of Prosecutor
49 Rancocas Road, P.O. Box 6000
Mount Holly, NJ 08060
    *Counsel for Respondents*

_____

OPINION OF THE COURT

_____

BIBAS, *Circuit Judge.*

Lester Barney wanted to represent himself at trial. But he was not allowed to do so; the court got his request too late. Now Barney asks for a new trial on two grounds: he was denied the right to represent himself, and his lawyer did not help him assert that right. But the state court did not unreasonably deny his request to represent himself. And he cannot win on his in-effective-counsel claim unless he proves prejudice. He does not. So we will affirm the denial of his habeas petition.

## I. BACKGROUND

By 2003, Barney's marriage had deteriorated. His wife got a restraining order against him and temporary custody of their young son. Soon after, she was found dead near their son's day-care, her throat cut open. Barney was charged with her murder.

### A. Barney's trial

Barney had a rocky relationship with his defense lawyer, Michael Riley. They "disagreed on a lot of things." App. 96. Eventually, Barney had had enough and asked to represent

2

himself. He claims that he told Riley of his plan after a hearing on July 14, 2005. Soon after that, Barney wrote the judge a letter to let him know that he wanted to represent himself.

But things did not go as planned. Though Barney had dated the letter July 21, the judge did not get it until August 10, the day before trial began. In court that day, the judge held up the letter, explained that he had not read it, and handed it to Riley. Riley promised Barney that he would "deal with" Barney's request. App. 98. But he never did. After a two-week trial, Barney was convicted of first-degree murder. His conviction was affirmed on appeal.

## B. Barney's collateral proceedings

Barney filed two state habeas petitions. The first was denied. The second one was also denied at first, but the New Jersey Supreme Court remanded it for an evidentiary hearing on "[1] whether [Barney] clearly and unequivocally made a request to the trial court to represent himself or [2] whether [Barney] communicated with his attorney to make such a request on his behalf." App. 91.

After hearing testimony, the Superior Court found that Barney did not "clearly and unequivocally" tell the court or Riley that he wanted to represent himself. App. 141. The New Jersey Supreme Court then declined to hear his appeal.

So Barney filed this federal habeas petition. The District Court denied relief but granted a certificate of appealability on the two issues before us: Did the trial court deny Barney the right to represent himself? And did his lawyer perform deficiently by not securing that right?

3

On federal habeas, we defer to the state habeas court. Barney says its ruling was both "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent and "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Yet he does not quibble with the state habeas court's account of what happened, just with its legal conclusions. So we need focus only on the § 2254(d)(1) standard: an unreasonable application of law. *See Jermyn v. Horn*, 266 F.3d 257, 281 n.10 (3d Cir. 2001).

## II. THE STATE HABEAS COURT'S *FARETTA* RULING WAS NOT UNREASONABLE

Defendants have a Sixth Amendment right to represent themselves at trial. *Faretta v. California*, 422 U.S. 806, 832 (1975). But to exercise that right, they must invoke it "clearly and unequivocally." *Id.* at 835. Barney says he did just that.

If that was all *Faretta* required, we might agree with Barney. The state habeas court read his letter as mere griping about Riley with only a vague "desire" to represent himself. App. 16. Yet the letter seems clear. "On July 14th 2005, after my hearing, I informed my pool attorney that I will proceed on a PRO-SE basis," Barney wrote. App. 88. "I'm not sure the court is aware that the defendant will go forward PRO-SE. This letter is to inform you of that fact." *Id.* So the state habeas court's holding to the contrary may have been unreasonable. But we need not decide that issue because Barney loses on another ground.

The state habeas court rejected Barney's *Faretta* claim as untimely. That was reasonable. 28 U.S.C. § 2254(d)(1). "[T]he right to self-representation is not absolute." *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 161 (2000).

4

"[M]ost courts require [that such requests be] timely." *Id.* at 162. Indeed, Faretta's judge heard his request "weeks before trial," and the *Faretta* Court limited its holding to "these circumstances." 422 U.S. at 835–36. But here, the trial court did not get Barney's request until the eve of jury selection. So the state habeas court's ruling was not unreasonable.

### III. THE SUPERIOR COURT'S INEFFECTIVENESS RULING WAS NOT UNREASONABLE

The state habeas court was also supposed to find whether Barney asked Riley to help him assert his right to represent himself. But it said only that Barney's "communication with his attorney to make such a request on his behalf was not clearly and unequivocally made." App. 141. Because neither party has shown otherwise, we presume that this finding amounts to denying his ineffectiveness claim on the merits. *See Johnson v. Williams*, 568 U.S. 289, 301 (2013).

For an ineffective-assistance-of-counsel claim, Barney must show both that (1) Riley's lawyering was objectively deficient and (2) as a result, he suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Plus, the state habeas court's contrary ruling must have been unreasonable. 28 U.S.C. §2254(d)(1).

Even if his lawyer performed deficiently, Barney cannot show prejudice. He tries to check that box in two ways. Yet both fail.

1. *Complete abandonment*. Occasionally, courts presume prejudice. They do so, for instance, when a defendant is "[a]ctual[ly] or constructive[ly] deni[ed] the assistance of

5

counsel altogether" at a critical stage of trial. *Strickland*, 466 U.S. at 692; *accord United States v. Cronic*, 466 U.S. 648, 659 (1984). Barney says Riley completely failed to help him by not getting him a *Faretta* hearing.

But that is a far cry from cases where the Supreme Court has found constructive denial of counsel. In one case, for instance, the lawyer forgot to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). In another, the lawyer left his client "completely without representation" on appeal. *Penson v. Ohio*, 488 U.S. 75, 88 (1988). But Riley actively defended Barney at trial. Thus, Barney cannot claim abandonment.

2. *Structural error*. So he pivots. The right to represent oneself is structural: on direct appeal, we do not require proof of prejudice. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). Thus, Barney says, on habeas he need not prove that his lawyer's inaction prejudiced him.

That position overstates the structural-error rule. True, if Barney had raised the error at trial and on direct appeal, he would be entitled to "automatic reversal." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1910 (2017) (internal quotation marks omitted). But he did not. Instead, he now raises the issue on habeas through an ineffective-assistance-of-counsel claim. And as *Weaver* tells us, that context changes our task.

On habeas, not all structural errors require automatic reversal. Defendants must still prove prejudice for some. *Id.* at 1912. A court cannot presume prejudice if a structural error does not "always lead to a fundamentally unfair trial" and does not "deprive[ ] the defendant of a reasonable probability of a different

outcome." *Id.* at 1911, 1913. For instance, "prejudice is not …
automatic[ ]" for violations of the public-trial right when raised
through ineffective-assistance claims. *Id.* at 1911; *see also
Baxter v. Superintendent Coal Twp. SCI*, 998 F.3d 542, 547–
49 (3d Cir. 2021) (assuming structural error in jury instructions
yet, based on *Weaver*, still demanding prejudice).

A defendant's right to represent himself fits that bill. Unlike
some fundamental rights, *Weaver* teaches, that right "is not de-
signed to protect the defendant from erroneous conviction."
137 S. Ct. at 1908. Rather, it protects a defendant's autonomy,
his right "to make his own choices about" his defense. *Id.*; *cf.
Faretta*, 422 U.S. at 826–34 (grounding the right in not only
"the inestimable worth of free choice" and "the virtues of self-
reliance," but also the colonists' "traditional distrust of law-
yers" as potential tools of the Crown). Nor do violations of the
right necessarily cast doubt on the reliability of the verdict or
sentence. On the contrary, when a defendant is denied the right,
it usually works in his favor. *Weaver*, 137 S. Ct. at 1908.

We thus hold that Barney must prove prejudice. He cannot.
When pressed at oral argument, his lawyer conceded as much.
Oral Arg. 9:10–18 (Judge Bibas: "You cannot make a showing
of prejudice in this case?" Counsel for Barney: "Specific prej-
udice, I can't make a showing."). Nor do his briefs suggest
prejudice. He never says what he would have done differently
or how that would have likely changed the outcome of his trial
or sentencing.

* * * * *

The trial court did not get Barney's request to represent
himself until the eve of trial. So the state habeas court

7

reasonably rejected his *Faretta* claim. Likewise, it fairly denied his ineffective-assistance-of-counsel claim. Without prejudice, Barney goes no further. So we will affirm the denial of his habeas petition.