**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2000
_____

JAMAL ALI,
                    Appellant

v.

DISTRICT ATTORNEY PHILADELPHIA; ATTORNEY GENERAL
PENNSYLVANIA; SUPERINTENDENT ALBION SCI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-04339)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Submitted under Third Circuit LAR 34.1(a)
September 12, 2025

Before: HARDIMAN, KRAUSE, and CHUNG, *Circuit Judges*

(Filed: September 17, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Jamal Ali appeals the District Court's denial of his petition for habeas corpus. Because the District Court correctly concluded that the state court's decision was not an unreasonable application of clearly established federal law, we will affirm.

## I.  BACKGROUND

Dissatisfied with his attorney's performance up to that point, on the third day of his four-day trial in the Philadelphia Court of Common Pleas, Ali invoked his right to represent himself. The trial court denied Ali's request, and he was subsequently convicted. His direct appeal was also unsuccessful, with the Superior Court crediting the trial court's reasoning that his request was "not made in a timely fashion" and made "solely to cause delay and inject confusion into the trial process." App. 83.

Ali then sought federal habeas relief in the District Court. His petition alleged that the state court's denial of his request for self-representation without conducting a proper colloquy was an unreasonable application of clearly established federal law under the Supreme Court's decision in *Faretta v. California*, 422 U.S. 806 (1975). The District Court denied Ali's habeas petition but granted a certificate of appealability as to "whether the holding of *Faretta* extends to mid-trial requests for self-representation and whether the failure to extend the holding to this context constitutes an unreasonable application of 'clearly established' federal law." App. 4 n.2. This timely appeal followed.

## II.   DISCUSSION[1]

As relevant here, under the Antiterrorism and Effective Death Penalty Act of 1996, federal courts may grant habeas relief with respect to a claim adjudicated on the merits by a state court only if that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  An "unreasonable application" of clearly established federal law "is one with which no fairminded jurist would agree." *Andrew v. White*, 145 S. Ct. 75, 80 (2025) (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). It is not sufficient for a habeas petitioner to show merely that "his interpretation of Supreme Court precedent is more plausible than the state court's; rather, [he] must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999).

Ali cannot meet that threshold here.  In *Barney v. Administrator of New Jersey State Prisons*, we held that a state court's rejection of a defendant's request to represent himself at trial was not an unreasonable application of *Faretta* when that request was made on "the eve of jury selection."  48 F.4th 162, 164 (3d Cir. 2022).  That was because "the right to self-representation is not absolute" and "most courts require that such requests be timely."  *Id.* (citation modified) (quoting *Martinez v. Ct. of Appeal of Cal.,*

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2241 and § 2254(a).  Because it granted a certificate of appealability, we have jurisdiction under 28 U.S.C. § 2253(c). We exercise plenary review over the District Court's denial of a habeas petition where it did not conduct an evidentiary hearing.  *Rosen v. Superintendent Mahanoy SCI*, 972 F.3d 245, 251 (3d Cir. 2020).

*Fourth App. Dist.*, 528 U.S. 152, 161–62 (2000)).  In *Faretta* itself, "Faretta's judge

heard his request 'weeks before trial,' and the *Faretta* Court limited its holding to 'these

circumstances.'"  *Id.* (quoting *Faretta*, 422 U.S. at 835–36).  Thus, all that is "clearly

established" under *Faretta* is that a "clear[] and unequivocal[]" request for self-

representation made well ahead of trial triggers a state court's obligation to determine

whether a defendant has "knowingly and intelligently" chosen to relinquish the right to

counsel.  *Faretta*, 422 U.S. at 835.  That rule does not encompass Ali's mid-trial request.

Under § 2254(d)(1), "the only question that matters" is "whether a state court

decision is contrary to, or involved an unreasonable application of, clearly established

[Supreme Court] law."  *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  Here, the state

court's refusal to extend *Faretta* to mid-trial requests for self-representation does not

clear that high standard.  So Ali is not entitled to habeas relief.[2]

\*        \*        \*

For the foregoing reasons, we will affirm.

---

[2] Ali raises a separate claim that the state court's denial of his request for self-representation was based on an unreasonable determination of the facts in light of the evidence presented, warranting relief under 28 U.S.C. § 2254(d)(2).  But "until a [certificate of appealability] has been issued[,] federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."  *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).  And here, the District Court did not grant a certificate of appealability on that issue; Ali has not sought to expand the certificate of appealability; and we decline to exercise our discretion to expand it *sua sponte*.  *See Duka v. United States*, 27 F.4th 189, 196 (3d Cir. 2022).